IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| TAYNA L. FRANKLIN | PLAINTIFF |
| V. | CIVIL ACTION NO.: 3:14cv765 HTW-LRA |
| THE CITY OF MOSS POINT, MISSISSIPPI | DEFENDANT |

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Tayna L. Franklin, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Americans With Disabilities Act (ADA), the Age Discrimination In Employment Act (ADEA) and the Family and Medical Leave Act of 1893, against Defendant, The City of Moss Point, Mississippi. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1. Plaintiff, Tayna L. Franklin, is a resident of Jackson County, Mississippi, residing at 2207 Shadowwood Circle, Gautier, Mississippi 39553, and is over forty (40) years of age.

2. Defendant, The City of Moss Point, Mississippi, is a municipality in the State of Mississippi and may be served with process through Billy Broomfield, Mayor, 4320 McInnis Avenue, Moss Point, Mississippi 39563.

**JURISDICTION AND VENUE**

3. This court has federal question jurisdiction.

4. This Court has personal jurisdiction over the Defendant and venue is proper in this Court.

5. On October 28, 2013, Plaintiff timely filed a Charge of Discrimination with the EEOC, a true and a true and correct copy of which is attached as Exhibit "A." On March 10, 2014, Plaintiff filed an amendment to her charge. The EEOC, issued a Notice of Right to Sue on June 30, 2014, a true and correct copy of which is attached hereto as Exhibit "B." Plaintiff timely files these causes of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF THE FACTS

6. Plaintiff was hired by the Defendant on July 26, 2004, as a Community Development Coordinator.

7. On June 14, 2013, Plaintiff was hospitalized at Singing River Hospital for pneumonia, hypertension and cardiomyopathy. Plaintiff was discharged on June 18, 2013, under her physicians' care, Dr. Pavel Khimenko, Cardiologist, and Dr. Janice Miles, Pulmonologist.

8. On July 8, 2013, Nicole Jacobs, the Defendant's Human Resource Director, asked Plaintiff to complete the Defendant's FMLA paperwork. Plaintiff questioned Ms. Jacobs about why she needed to fill out FMLA papers when Plaintiff, beginning August 19, 2013, had 330 hours of sick leave and 225 hours of vacation leave available. On July 12, 2013, Plaintiff hand delivered the Defendant's FMLA paperwork signed by her physician, Dr. Pavel Khimenko, Ms. Jacobs and her supervisor, Daphne Viverette.

9. On August 16, 2013, Plaintiff received a letter from Ms. Jacobs asking Plaintiff to complete the City's Request for approved leave form. This letter stated that Plaintiff's twelve weeks of FMLA leave would end on August 30, 2013, and since Plaintiff was still under a physician's care, beginning August 31, 2013, Plaintiff would be on Non-FMLA leave. A Non-FMLA leave is not job protected and does not guarantee an employee's return to the same job position or reinstatement to any position. On August 19, 2013, Plaintiff mailed via U. S. Postal Service Certified Mail the

request leave form along with a letter of intent to return to work, Defendant's Certification of Healthcare Provider Form, and Physicians excuses to the Board of Aldermen. Plaintiff hand delivered a copy to Ms. Jacobs, Amy St'Pe, Defendant's Attorney and Mayor Billy Broomfield. In the letter of intent, Plaintiff stated that she had every intention of returning to her job position as Community Development Coordinator upon written documentation from her physician. Plaintiff also requested that from that day forward, all documentation concerning Plaintiff's health condition be conveyed correctly to Mayor Broomfield, Amy St'Pe, and all other parties involved.

10. On August 21, 2013, Plaintiff received a letter from the Defendant stating that Plaintiff's FMLA and Non-FMLA request for leave until Friday, December 6, 2013, had been approved at the August 20, 2013, Board meeting. Plaintiff also learned that her supervisor, Daphne Viverette, was terminated. Ms. Viverette was under a physician's care when terminated.

11. On October, 15, 2013, Plaintiff was released to return to work by her physician, Dr. Khlmenko. Plaintiff hand delivered the physician's release to Ms. Jacobs. Ms. Jacobs told Plaintiff that she would have to speak to Mayor Broomfiled and Mrs. Keeton, because Jacqulyn Davis, had been approved to work in Plaintiff's position until Plaintiff returned to work. Ms. Davis was a temporary employee paid through a WIA program funded from FEMA through the Mississippi Department of Employment Security WIN Job Center after Hurricane Issac. Ms. Jacobs told Plaintiff to wait until she received a phone call from her, Ms. Jacobs, as to when Plaintiff could return to work.

12. On October, 16, 2013, Plaintiff emailed the Mayor, Board of Aldermen, Ms. St'Pe, Ms. Jacobs, and Ms. Keeton informing them what Ms. Jacobs' told her the day before when she dropped off her Physicians release to return to work.

13. On October 17, 2013, Plaintiff received a letter from the Defendant in the mail dated

October 16, 2013, stating "allow this letter to serve as notification that the Mayor and Board of Aldermen voted at last night's meeting to terminate your employment with the City of Moss Point as the Community Development Coordinator, effectively immediately." Plaintiff was not given a reason for her termination.

14. On December 2, 2013, after an appeal hearing on November 27, 2013, a MDES Administrative Judge ruled that Plaintiff was entitled to the receipt of unemployment benefits.

15. On January 15, 2014, Plaintiff learned that Ms. Davis, the temporary employee hired to work in Plaintiff's position while she was on leave, age 36, replaced Plaintiff as a full time employee in the Community Development Department.

16. Defendant has unlawfully retaliated against Plaintiff for taking FMLA Leave. These actions are specifically prohibited by 29 U.S.C. § 2615.

17. Plaintiff has been wrongly discriminated against because of her disability in violation of the Americans with Disabilities Act. Plaintiff tried to return to work for Defendant, but was terminated on October 15, 2013, and subsequently replaced by a younger female with much less experience than Plaintiff.

18. In addition, Defendant has unlawfully discriminated against Plaintiff because of her age, in violation of the Age Discrimination In Employment Act.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE ADA

19. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20. The Defendant violated the ADA by refusing to promote and subsequently terminating Plaintiff based on Plaintiff's disability and/or perceived disability.

21. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT TWO: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

22. Plaintiff incorporates the above paragraphs 1 through 21 above as though specifically set forth herein.

23. Defendant unlawfully discriminated against Plaintiff and terminated her employment because of her age. Furthermore, Plaintiff suffered an adverse employment decision and was replaced by a younger employee.

24. As such, Defendant's actions constitute a willful and direct violation of the Age Discrimination In Employment Act and were willful in nature.

25. As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety and emotional distress.

## COUNT THREE: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 - RETALIATION

26. Plaintiff incorporates the above paragraphs 1 through 25 as though specifically set forth herein and alleges as follows:

27. Defendant terminated Plaintiff in retaliation for qualifying for and/or taking federally protected leave under the FMLA, 29 U.S.C. §2601 *et seq*. It is unlawful for any any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. In addition, it is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

28. Defendant retaliated against Plaintiff based on her FMLA leave and terminated

her in violation of the FMLA.

29.     Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or front pay in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney's fees;
7. Costs and expenses; and
8. Any other relief to which she may be properly entitled.

THIS the 29th day of September, 2014.

Respectfully submitted,

TAYNA L. FRANKLIN, PLAINTIFF


By:_____
Louis H. Watson, Jr. (MB#9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@louiswatson.com